CALOGERO, Justice.
The defendant, Willie Route, Jr., was charged by Bill of Information with having committed armed robbery in violation of R.S. 14:64.[1] He was convicted after trial by jury and was sentenced to thirty years imprisonment without benefit of parole, probation, or suspension of sentence.
He relies upon one perfected bill of exceptions in urging reversal of his conviction and sentence.
Deputy Sheriff Harvey Pritchard had been placed on the witness stand by the State. He testified without objection that he had known the defendant, Willie Route, Jr., for some 16 or 17 years and that to the best of his knowledge, defendant did not own a sawed-off shotgun. He was shown a sawed-off shotgun (which purportedly had been found at the scene of the alleged armed robbery). He identified it by the serial number as his own, having been issued him by the Sheriff of Pointe Coupee Parish for use in performance of his duties. He testified that he had kept this gun in his patrol car. When asked anew if this was his gun, he answered
“That is my gun. The last time I saw it it was in my patrol car.”
After two more questions by the prosecutor, and without having earlier objected to any of the questions directed to the witness, defense counsel moved for a mistrial on the basis that “the testimony elicited by the District Attorney is indirectly or directly in reference presumably to another alleged crime.” The trial judge, ruled that identification of the gun by the deputy sheriff was relevant because it would tend *616 to show that the gun was not normally on the bait store premises so as to be available to the victims of the armed robbery as a weapon which they might have employed in precipitating a fight or confrontation with the defendant (the latter was a principal defense contention). Furthermore he held that there had been no reference directly or indirectly to another crime since there was no testimony that the deputy sheriff’s gun had been stolen, nor that it had been stolen (or taken) by the defendant.
Nonetheless, he admonished the jury that any evidence tending or possibly tending to show any other crime should be disregarded since they could only consider the crime with which defendant was charged in the case. We find no error prejudicial or otherwise in the trial court’s handling of this matter. Had the defendant objected to the question (or questions) which ultimately elicited the deputy’s controversial statement on the grounds that the question sought to elicit reference to another crime allegedly committed by the defendant, and had the trial court overruled the objection, there probably would not have been error in such ruling because the deputy’s statement could hardly have been understood as a reference to another crime committed or alleged to have been committed by the defendant.
Here, however, we are not confronted with that issue because there was no objection made to the State’s questions.
Rather we are simply confronted with a motion for a mistrial directed at the prejudicial effect of the elicited testimony of the deputy sheriff.
Article 770 of the C.Cr.P. mandates that a mistrial be ordered when a “remark or comment ... by the judge, district attorney, or a court official” “refers directly or indirectly” to “. . . another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.”
There was in this case no remark or comment by the judge, district attorney or any court official, which is purportedly prejudicial. There was at most in connection with the elicited testimony a possibly damaging “remark or comment made by a witness or person other than the judge, district attorney or court official,” which is proscribed by Art. 771, C..Cr.P.
Such a remark or comment, perhaps “irrelevant or immaterial or of such a nature that it might create prejudice against the defendant ... in the mind of the jury” gives rise under Article 771 to the right of a defendant to ask that the court “promptly admonish the jury to disregard [the] remark or comment.” Under that article “the court may grant a mistrial if it is satisfied that an admonition is not sufficient to insure [a] defendant a fair trial.”
The judge in the exercise of his discretion did not grant a mistrial, but rather admonished the jury to disregard the witness’ statement.
We find in this instance no abuse of the discretion vested in the trial judge, particularly inasmuch as there had merely been an oblique reference (“The last time I saw it it was in my patrol car”) to an incident, not necessarily a crime, in which defendant was not necessarily involved.
For the foregoing reasons we find no error in the court’s refusal to grant a mistrial.
Accordingly the conviction and sentence are affirmed.

. Willie Route, Jr., allegedly committed armed robbery of one Ray Michael Grimmer at a bait shop which Grimmer operated with his brother at Livonia, La., on July 7, 1973. An alleged co-perpetrator of this crime was A. B. Wilson who was tried and convicted separately and whose conviction has been affirmed in an opinion handed down this day. See State of La. v. Wilson, 315 So.2d 617 (La.1975).