CALOGERO, Justice.
The defendant, A. B. Wilson, was charged by bill of information with having committed armed robbery in violation of R.S. 14:64.[1] He was convicted after trial by jury and was sentenced to 28 years imprisonment without benefit of parole, probation or suspension of sentence. During the course of trial, defendant reserved seven bills of exceptions, two of which he relies upon on appeal' for reversal of his conviction and sentence. The remaining bills, which have neither been briefed nor argued, are considered abandoned. State v. Richmond, 284 So.2d 317 (La.1973).

*618
Bill of Exceptions No. 1.

Defendant alleges that the trial court erred when, during voir dire examination, it allowed the State to delve into the penal provisions of the statute under which the defendant was charged.
Recently in State v. George, 312 So.2d 860 (La. 1975), this Court held:
“The question whether to allow ‘informing’ the jury (through voir dire interrogation) of the applicable penalty is one within the discretion of the trial court. We find no abuse of that discretion in this case.”
Similarly, in the case before us we find no abuse of discretion in the trial court’s allowing the State to delve into the penal provisions of the armed robbery statute upon voir dire examination.
Bill of Exceptions No. 1 is therefore without merit.

Bill of Exceptions No. 7.

Deputy Sheriff Harvey Pritchard had been placed on the stand by the State. He was shown a sawed-off shotgun (which purportedly had been found at the scene of the alleged armed robbery) and was asked to check the serial number on the gun and advise whether the serial number on that gun corresponded with the serial number of the gun that had been assigned to him by the Sheriff’s Department. After the witness stated that the serial number was the same and that “this is the same gun” and that he kept it on a gun rack behind his head in the patrol car bolted to the screen, he was asked by the prosecutor “and when did you miss it?” He began to answer by saying “After . . . ” when counsel for the defendant moved for a mistrial. He argued “that the district attorney is now relating if not directly, indirectly, to another crime that was allegedly committed by my client and therefore the evidence relating to this is inadmissible.” He further stated that he was entitled to a mistrial because of the attempt of the district attorney on behalf of the State to introduce such evidence.
Article 770 of the C.Cr.P. mandates that a mistrial be ordered when a “remark or comment by the judge, district attorney or court official” “refers directly or indirectly” to “ . . . another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;”. The district attorney’s question “And when did you miss it ?” was an assertive question equivalent to his having said “You missed the gun. When?” This does in our view constitute a “remark or comment, made within the hearing of the jury by the . . . district attorney . . . during the trial
Defendant would therefore have been entitled to a mandatory mistrial under the provisions of Article 770 of the C.Cr.P. if the remark or comment is construed to have referred directly or indirectly to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.
We do not construe this “remark or comment” to have been a direct or indirect reference to another crime committed or alleged to have been committed by the defendant.
We believe that the trial court was correct when he stated that
“ . . . there was no mention yet of another crime, nor to the fact that this defendant may or may not have been the perpetrator.
“Now, I don’t think that there is even enough before the jury for me to admonish the jury that they are not to consider any evidence of a prior crime as relevant to the crime for which this man is being tried. There just isn’t anything yet before the jury regarding another crime.”
*619 The trial judge nonetheless admonished the jury that “the only crime for which you can find this defendant guilty or convict him is the crime charged in the bill of information or any of the lesser and included crimes which this court will tell you is a responsive verdict . . . nothing else is before you.”
There is no merit to this bill of exception.
For the reasons assigned the conviction and sentence are affirmed.

. A. B. Wilson allegedly committed armed robbery of one Bay Michael Grimmer at a bait shop which Grimmer operated with his brother at Livonia, Louisiana on July 7, 1973. An alleged co-perpetrator of this crime was Willie Boute, Jr. who was tried and convicted separately. His conviction has been affirmed in an opinion handed down this day. See State v. Route, 315 So.2d 615 (La.1975).